UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT CHRISTOPHER CARPEZZI,

    Plaintiff,

v.       Case No: 2:21-cv-951-JLB-KCD

UNITED STATES OF AMERICA,

    Defendant.
_____/

# ORDER[1]

Plaintiff Robert Carpezzi, proceeding pro se, alleges the United States Postal Service ("Postal Service") is stealing or refusing to deliver his mail for political reasons, and he sues the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), claiming invasion of privacy (Count I) and negligent infliction of emotional distress (Count II). (Doc. 1.) The Court has been here before, specifically last year. See Carpezzi v. United States, No. 2:20-cv-5-JLB-MRM, 2021 WL 4974229 (M.D. Fla. Oct. 26, 2021). The United States moved to dismiss those nearly identical allegations under Federal Rule of Civil Procedure 12(b)(1), arguing it had not waived its sovereign immunity. Id. at *1. The Court agreed, found it was without jurisdiction, and dismissed the action without prejudice. Id. at **2–3.

---

[1] Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

This time around, the United States moves to dismiss Mr. Carpezzi's pleading on collateral estoppel grounds and, in the alternative, argues summary judgment is appropriate because the statute of limitations for Mr. Carpezzi's claims has run. (Doc. 11.) For the following reasons, the United States' motion (Doc. 11) is **GRANTED**, and the complaint (Doc. 1) is **DISMISSED**.

## BACKGROUND[2]

Mr. Carpezzi states he has filed a Freedom of Information Act lawsuit against the United States for alleged impersonation of his email address. (Doc. 1-1 ¶ 6.) When he "attempt[ed] to remedy this situation using certified and registered letters," the Postal Service "deceitfully seized" his mail. (Id. ¶¶ 6, 12.) Mr. Carpezzi explains this seizure was part of the Postal Service's "Mail Cover" program, a domestic surveillance program he alleges the Postal Service conducts with the FBI, the Department of Homeland Security, and the DOJ. (Id. ¶ 6.) Mr. Carpezzi sent certified and registered letters "that may or may not have reached their destination[s]" to several "individuals who [at that time] were highly placed in law enforcement, Department of Justice, Politicians, News Media, Non Profit

---

[2] "A document filed pro se is to be liberally construed . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted). But pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). And the Court cannot act as a pro se plaintiff's de facto counsel by rewriting his complaint. GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, 566 U.S. 662 (2009).

Organizations, Attorneys, US Attorney offices and employees of the United States Postal Service," including:

- President Donald Trump

- Mike [sic] Mulvaney, Director of Office Management and Budget;

- William Barr, Attorney General;

- James Comey, FBI Director;

- Christopher Wray, FBI Director;

- Chuck Schumer, Senator from New York;

- Preet Baharia, United States Attorney for the Southern District of New York;

- Lou Dobbs, Fox News personality;

(Id. ¶¶ 12, 16–22.)

But Mr. Carpezzi states he did not receive responses to his letters, and return receipts were improperly—in some case suspiciously—completed. (Id. ¶¶ 12–13, 15–22, 26.) For example, Mr. Carpezzi alleges the tracking information for the registered letter he sent to Mick Mulvaney was suspicious: the letter was signed for by "M. Naldo, representative from government mail," and the delivery address was changed to "The Obama Family 20008." (Id. ¶ 12.) That tracking history, Mr. Carpezzi alleges, was later "wiped out." (Id. ¶ 14.) "In another registered letter case, [Mr. Carpezzi] sent Registered Mail restricted delivery to former US Attorney General, William Barr and Mr. Barr did not sign for this letter." (Id. ¶ 16.)

Mr. Carpezzi contacted "Tirzah Fulkerson OIC" and Megan J. Brennan, Postmaster General, seeking assistance in resolving his mail issue. (Id. ¶¶ 12–14.)

3

He "suggested [Ms. Brennan] notify former President, Donald J. Trump, that mail sent to his appointees was being signed by 'The Obama Family.'" (Id. ¶ 13.) Then, seemingly in his continued effort to get answers about his alleged postal irregularities, Mr. Carpezzi sent a registered letter to Randy Vicedo, Tort Claim Coordinator for the Postal Service. (Id. ¶ 15.) But the tracking history for that letter was incomplete; "[t]his letter was not stalled in transit, it was seized by an unknown postal employee." (Id.)

Although Mr. Carpezzi states his claims about the "Mail Cover" program "could fall under criminal statutes," he recognizes that criminal liability is not at issue here; instead, he relies on the FTCA to pursue "damages for injuries suffered as a result of years the United States seized [his] mail." (Id. ¶ 25.) Mr. Carpezzi has alleged invasion of privacy (Count I) and negligent infliction of emotional distress (Count II). (Id. at 9–10.)

## LEGAL STANDARD

"Collateral estoppel bars relitigation of a previously decided issue when the parties are the same (or in privity) if the party against whom the issue was decided had a full and fair opportunity to litigate the issue in the earlier proceeding." In re Se. Banking Corp., 69 F.3d 1539, 1552 (11th Cir. 1995) (citations omitted). For collateral estoppel to apply:

> (1) the issue at stake must be identical to the one decided in the prior litigation; (2) the issue must have been actually litigated in the prior proceeding; (3) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and (4) the standard of proof in the prior action must have been

4

>> at least as stringent as the standard of proof in the later case.

Id. (citations omitted).

## DISCUSSION

The United States moves the Court to dismiss Mr. Carpezzi's complaint with prejudice under the collateral estoppel doctrine. It contends that the allegations in the current complaint are virtually identical to those in Mr. Carpezzi's earlier-filed lawsuit, and that Mr. Carpezzi is collaterally estopped from relitigating the jurisdictional issue here. (Doc. 11 at 5.)

In response, Mr. Carpezzi seems to argue the Government's collateral estoppel argument is procedurally improper and that it erroneously attacks his legal right to bring the claims, rather than their validity. (Doc. 16 at 3.)

The Court agrees with the United States. For the reasons thoroughly set forth in its opinion dismissing Mr. Carpezzi's previous lawsuit, this Court has no subject matter jurisdiction over the claims presented here by operation of sovereign immunity. See Carpezzi, 2021 WL 4974229. So dismissal is appropriate for that reason, alone.

But there is at least one other reason dismissal is appropriate. Because: (1) the jurisdictional issue presented here is identical to the one decided in the previous litigation; (2) the jurisdictional issue was actually litigated in the previous litigation; (3) the Court's previous determination of the jurisdictional issue was a critical and necessary part of the judgment in the previous litigation; and, (4) the standard of proof here is as stringent as (actually, identical to) the standard of proof

in the previous litigation, collateral estoppel applies. See In re Se. Banking Corp., 69 F.3d at 1552. So dismissal without prejudice is appropriate for that reason as well.[3]

In sum, there are multiple, independent grounds on which the complaint must be dismissed. Most obvious, the Court lacks subject matter jurisdiction over this case. This case is therefore dismissed without prejudice. Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008). And, as the Court previously found in Mr. Carpezzi's prior case, any amendment would be futile as Mr. Carpezzi's underlying harms would still be subject to dismissal. See Brooks v. Warden, 800 F.3d 1295, 1300 (11th Cir. 2015); Carpezzi, 2021 WL 4974229, at *3. Accordingly, the United States' motion to dismiss (Doc. 11) is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to terminate any pending deadlines and close the file.

**ORDERED** in Fort Myers, Florida on October 5, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

---

[3] The Court dismisses this case for lack of subject matter jurisdiction, but it notes, in the alternative, that summary judgment would be appropriate because Mr. Carpezzi's action is barred by the statute of limitations. The FTCA provides, "A tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). On July 8, 2019, the Postal Service notified Mr. Carpezzi by certified letter that it was denying his request for reconsideration of its decision to deny his administrative claim. (Doc. 11-2 at 1, 17–18.) Because Mr. Carpezzi filed this action on December 27, 2021—nearly 30 months after the Postal Service's denial—it is also time barred. The dismissal of Mr. Carpezzi's previous lawsuit does not change the analysis, because "[d]ismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations." See Foudy v. Indian River Cnty. Sheriff's Off., 845 F.3d 1117, 1126 (11th Cir. 2017) (quotation omitted).